STATE OF MAINE

| | |
|---|---|
| SUPERIOR COURT,<br>County of Lincoln | CIVIL ACTION<br>Division of Lincoln<br>Docket No. RE-2015-19 |

| | |
|---|---|
| ESTATE OF GEOFFREY J. HERRMANN, )<br>TANJA J. FAGAN, PERSONAL )<br>REPRESENTATIVE, )<br>Plaintiff, ) | |
| ) | JUDGMENT OF FORECLOSURE<br>AND SALE |
| vs. ) | |
| ) | TITLE TO REAL ESTATE IS INVOLVED |
| MARY LYNN KANE, )<br>Defendant. ) | |

## 32 School Street, Boothbay Harbor, Lincoln County, Maine
## Book 2897, Page 183

The names, addresses and counsel of all parties of record are:

| | |
|---|---|
| Plaintiff:<br>Attorney: | Estate of Geoffrey J. Herrmann<br>Peter W. Drum, Attorney at Law<br>P.O. Box 97<br>Damariscotta, Maine 04543 |
| Defendant:<br><br><br>Attorney: | Mary Lynn Kane<br>32 School Street<br>Boothbay Harbor, Maine 04538<br>None |

The real estate which is the subject of this action is described as follows:

BEGINNING at an iron pipe set into concrete, with the letter "B" on the Westerly side of School Street, so-called, and also being the Northeast corner of land now or formerly of Frank Fuller Dunton; thence North 68 degrees 13 minutes 32 seconds West, a distance of 32.80 feet by last-named land to a reinforcing rod set into the earth; thence by the same bearing and by last-named land, a distance of 60.69 feet to a reinforcing rod set into the earth; thence North 68 degrees 15 minutes 23 seconds West, a distance of 89.32 feet by last named land to a ¾ inch iron pipe set in concrete on the Easterly bound of Pear Street Cemetery, so-called; thence North 30 degrees 29 minutes 55 seconds East, a distance of 60.87 feet by last-named land to a reinforcing rod set into the earth at the Southwest corner of land now or formerly of Frank S. Lewis and Debra M. Lewis; thence South 68 degrees 13 minutes 01 seconds East, a distance of 173.95 feet by last-named land to a point on the Westerly bound of the said School Street

that is North 68 degrees 13 minutes 01 seconds West, a distance of 2.78 feet from a ¾ inch iron pipe buried 1 foot below grade and thence South 22 degrees 07 minutes 22 seconds West a distance of 60.09 feet by the Westerly bound of the said School Street to the point of beginning. This land parcel contains 0.25 acres, more or less.

This matter came before the Court on Plaintiff's Motion for Summary Judgment. Pursuant to Rule 7(c), Plaintiff's Motion for Summary Judgment is granted. Based upon the pleadings and affidavits, the Court finds as follows:

1. That Defendant has breached the condition of Plaintiff's mortgage dated August 14, 2002, and recorded in the Lincoln County Registry of Deeds in Book 2897, Page 183, by failing to make payments on the promissory note secured by said mortgage.

2. As of January 6, 2016, the amount due under the terms of the Promissory Note and Mortgage is: $106,724.17

| | |
|---|---|
| Principal | $106,291.58 |
| Accrued Interest | $ 432.59 |

Additional interest is continuing to accrue on said principal balance at the per diem accrual from this date forward of $20.43.

Plaintiff is entitled to add any additional amounts advanced by Plaintiff to protect its mortgage security.

3. The Plaintiff is entitled to $7,027.64 as reasonable attorney's fees to January 6, 2016.

4. The Plaintiff is entitled to $431.64 in costs of court in this action.

5. The order of priority of the claims of the parties who have appeared in this action is as follows:

FIRST: The Plaintiff, by virtue of its mortgage in the above amounts.

SECOND: Any remaining funds shall be distributed to Defendant.

WHEREFORE, it is hereby ORDERED and DECREED that this Judgment of Foreclosure and Sale is hereby entered in favor of the Plaintiff, Estate of Geoffrey J. Herrmann, against Defendant provided that if the said Defendant, her heirs, successors and assigns do not pay the Plaintiff the amounts adjudged to be due under Plaintiff's mortgage and note as set forth above, with interest accruing thereon and costs within ninety (90) days from the date of entry hereof, then any remaining right of the Defendant to possession of the property shall terminate and the Plaintiff shall sell Defendant's real estate free of all liens pursuant to Title 14,

M.R.S.A. Sec. 6321 et seq., and shall disburse the proceeds of such sale (after deducting expenses of sale including but not limited to reasonable attorney's fees, advertising costs and brokerage commissions) in the amount and priorities as determined above. The surplus, if any, shall be distributed to Defendant.

An Execution shall issue against Defendant for any deficiency due and owing to the Plaintiff, providing the statutory requirements are met.

SAID SALE SHALL BE SUBJECT TO any and all real estate taxes due to the Town of Boothbay Harbor as of the date of sale.

Said sale shall be subject to easements and rights of way of record and easements and rights of way which are visible on the face of the earth.

Plaintiff is granted exclusive possession of the real estate mortgaged to it upon expiration of the statutory ninety-day redemption period and Defendant is Ordered to vacate the real estate at that time if Defendant has not by that date redeemed the real estate in accordance with statutory procedure. A Writ of Possession shall issue to Plaintiff for possession of said real estate if it is not redeemed as aforesaid.

Upon the expiration of the 30-day appeal period, if an appeal is not filed, a copy of this Order shall be recorded by Plaintiff, at its expense, in the Lincoln County Registry of Deeds.

The following provisions are set forth pursuant to 14 M.R.S.A. §2401:

1. The names and addresses, if known, of all parties to the action, including the counsel of record, are set forth herein.
2. The docket number is RE-2015-19
3. The Court finds that all parties have received notice of the proceeding in accordance with the applicable provisions of the Maine Rules of Civil Procedure. Such notice was not given pursuant to an order of court.
4. The street address and a description of the real estate involved is set forth herein.
5. The Plaintiff is responsible for recording the attested copy of the judgment and for paying the appropriate recording fees.

Pursuant to Rule 54(b) of the Maine Rules of Civil Procedure, final Judgment is directed to be entered at once as set forth above, there being no just reason for delay.

The Clerk shall enter the following in the docket:

The Judgment of Foreclosure and Order of Sale dated 4|12|16
is incorporated in the docket by reference. This entry is made
in accordance with M.R.C.P. Rule 79(a) at the specific direction
of the Court.

Dated: _____ APR 1 2 2016

Justice ___ Daniel Billings

DOCKETED BY THE COURT ON ___ 4/12/16